UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAJUN KITCHEN OF                              CIVIL ACTION
PLAQUEMINES, INC.

VERSUS                                        NO: 06-8939

SCOTTSDALE INSURANCE COMPANY,                 SECTION: "J" (4)
ET AL.

**ORDER**

Before the Court is plaintiffs' Motion to Remand (Doc. 10) and defendant Burns & Wilcox's Motion to Dismiss (Doc. 11). The motions are opposed. For the following reasons the Court finds that the Motion to Remand should be DENIED, and the Motion to Dismiss should be GRANTED.

**BACKGROUND**

Plaintiff is a business that was damaged during Hurricane Katrina. Plaintiff sued its insurer Scottsdale Insurance Company, the claims adjuster Dave Waller, who is likely a local citizen, and a local insurance broker Burns & Wilcox of Louisiana ("B&W"). Scottsdale removed based on diversity, claiming that the in-state defendants were fraudulently joined. Plaintiff now seeks remand alleging that B&W is properly a party to this action because it

owed fiduciary duties as plaintiff's procuring insurance agent. B&W seeks to be dismissed because plaintiff has failed to allege a cause of action against its procuring insurance agent, and in any event, it was not plaintiff's agent.

## LEGAL STANDARD

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Id.* A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. *Id.* A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendants. *Id.* Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder. *Id.* at 574. In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

## DISCUSSION

Plaintiff has improperly joined Scottsdale's claims adjuster Dave Waller. Mr. Waller was an agent for Scottsdale, so he did not owe a duty to plaintiff to properly adjust the claim. No allegations are made that Mr. Waller took on some special duty to plaintiff. Scottsdale is liable if he mishandled the claim somehow. *See Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 (E.D. La., Oct 31, 2006) and cases cited therein.

Plaintiff has sued B&W for breach of the fiduciary duty that an insurance broker owes to its client when procuring insurance. To state a cause of action for breach of this fiduciary duty, a plaintiff must show (1) an undertaking or agreement by the broker to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's

assumption that he is properly insured. *Offshore Prod. Contractors, v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-731 (La. 1973)).

B&W filed an affidavit testifying that it is a wholesale insurance agent, that it never had any direct dealings with plaintiff, and that it secured the insurance requested by plaintiff's procuring agent. Plaintiff responds that these are disputed issues of fact and that if the court is going to consider the affidavit, it should convert the motion to a Rule 56 Motion for Summary Judgment and allow discovery.

As noted above, in the context of improper joinder, some limited consideration of evidence beyond the pleadings is allowed. The identity of the procuring insurance agent is exactly the type of discrete fact that warrants a limited piercing of the pleadings in an improper joinder analysis.[1] Plaintiff could easily dispute defendant's assertions if they were not true. The Court finds it appropriate to consider the affidavit in determining whether B&W was properly joined in this case.

---

[1] *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 574 n.12 (5th Cir. 2004) provides the following examples of appropriately discrete facts: "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."

Here, B&W testifies that it never had any communications with plaintiff or agreement with plaintiff to procure insurance other than what was procured. Plaintiff should be aware with whom it dealt when procuring insurance, yet it has failed to produce an affidavit or any other evidence that B&W was its agent. In the absence of an undertaking or agreement by the broker to procure insurance, plaintiff cannot satisfy the first element of its cause of action.

## CONCLUSION

Plaintiff cannot recover from B&W or from David Waller.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand (Doc. 10) is **DENIED**;

**IT IS FURTHER ORDERED** that defendant Burns & Wilcox's Motion to Dismiss (Doc. 11) is **GRANTED**. Burns & Wilcox and Dave Waller are dismissed from this action.

New Orleans, Louisiana this the 3rd day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE